## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY,<br>     Plaintiffs,<br>v.<br>DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY,<br>     Defendants. | FILED: APRIL 7 , 2008<br>08CV 1974         NF<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE COLE |

### COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., complaining against Defendants DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, allege as follows:

### COUNT I
### (ERISA AUDIT)

1. This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain an audit related to contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4. The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, is an individual doing business in the Northern District of Illinois. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more agreements, including a memorandum of agreement entered into on or about February 9, 2005 (collectively, the "Memorandum of Agreement").

8. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds, including a participation agreement entered into on or about February 9, 2005.

10. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

11. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

12. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

13. Pursuant to the provisions of ERISA, the Collective Bargaining Agreement, and the Trust Agreements, DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

14. DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

15. Plaintiffs have complied with all conditions precedent in bringing this suit.

16. The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, in favor of Plaintiffs.

B. Order DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order DENNIS ERICKSON, individually and d/b/a ERICKSON MASONRY, to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Grant Plaintiffs such other and further relief as the Court may deem just.

        Respectfully submitted,
CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: /s/ Richard Toth

One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797